**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AM PYROTECHNICS, LLC | ) | CASE NO. 26-60143-BTF11 |
| | ) | |
| DEBTOR. | ) | |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7, OR IN THE**
**ALTERNATIVE, TO DISMISS CASE**

Now comes Jerry L. Jensen, the duly appointed Acting United States Trustee (the "UST"), by and through his counsel of record, and for his motion to convert this case to Chapter 7, or in the alternative, to dismiss this case pursuant to 11 U.S.C. § 1112(b), states as follows:

**Procedural History**

1. AM Pyrotechnics, LLC (the "Debtor") commenced this case under the provisions of Subchapter V of Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code") on February 27, 2026, in the United States Bankruptcy Court for the Western District of Missouri, Southern Division.

2. The UST appointed Norman Rouse to serve as the Subchapter V Trustee.

3. The UST conducted an Initial Debtor Interview ("IDI") of the purported managing member of the Debtor on March 9, 2026.

4. At the IDI, the UST's designee discussed with the Debtor's principal, and counsel, the importance of certain administrative requirements, including the need to maintain adequate insurance on all assets of the estate.

5. On April 7, 2026, the UST conducted the meeting of creditors required by Section 341(a) of the Bankruptcy Code at which testimony of the principal of the Debtor was taken.  The Meeting has been continued until April 29, 2026.

## Jurisdiction and Venue

6. The Court has jurisdiction over this case and the motions pursuant to 28 U.S.C. § 1334 and an order of reference promulgated by the District Court pursuant to 28 U.S.C. § 157(a).

7. The issues raised herein are constitutionally core bankruptcy matters and are statutorily core under 28 U.S.C. § 157(b)(2)(A).

8. Venue in the Western District of Missouri is proper under 28 U.S.C. § 1408(2).

9. The United States Trustee has standing to file this motion pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. §§ 307(a) and 1112(b).

## Relevant Facts

10. The facts of this motion come from the UST's review of the schedules, statements of the Debtor made at the IDI, testimony of the Debtor's principal at the meeting of creditors, and the UST's independent investigation of the facts.

11. The Debtor owns the property at 2429 E. 535th Road, in Buffalo, Missouri (the "2429 Property").  The 2429 Property is adjacent to certain property personally owned by the Debtor's principal.  The 2429 Property consists of a building used for the Debtor's business operations.  The Debtor's principal testified the 2429 Property is valued at approximately $250,000.

12. The Debtor's principal believes that the 2429 Property does not have any liens attached.

13. The Debtor's principal testified that this case was filed because the Debtor is a co-debtor on a $1.3 million loan to the Bank of Missouri, which is secured by certain property owned by the Debtor's principal and because of certain unpaid tax obligations.

14. At the meeting of creditors, the Debtor's principal testified that the 2429 Property is not currently insured. The Debtor's principal indicated that he had tendered renewal paperwork to his insurance broker, but the underlying insurer, Lloyd's of London, had not yet completed underwriting or issued the policy.

15. Lloyd's of London also issued the Debtor a commercial liability policy dated April 10, 2025 and which expired on April 10, 2026. It does not appear this policy has been renewed either.

16. Additionally, the Debtor submitted tax returns to the UST and the Court. The tax returns were filed in the name of National Fireworks Importing, LLC ("NFI") which was listed as a potential d/b/a on the petition in this case. However, the UST has confirmed with the records of the Missouri Secretary of State that NFI is separate and distinct legal entity from the Debtor.

17. The Debtor's principal testified that he was advised to file his taxes under NFI by his accountant. The Debtor's principal indicated he understood that NFI was essentially a holding company which owns the Debtor. However, the Debtor's Statement of Financial Affairs, question 28, identified Mr. Mayfield as the 100% member of the Debtor. The UST has asked for any operating agreements explaining the ownership of the Debtor and the relationship to NFI. The Debtor has not yet provided such documents. However, if NFI is the owner of the Debtor, than the Debtor will need to demonstrate that Mr. Mayfield is the person in control of NFI and that NFI authorized the filing of this case.

**Argument**

18. Pursuant to 11 U.S.C. § 1112(b)(2), the Court shall convert or dismiss a Chapter 11 case, after notice and hearing, if the movant establishes cause, unless the Court specifically identifies unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate.

19. Section 1112(b)(4) of the Bankruptcy Code lists certain grounds that constitute cause, but such grounds are illustrative but not exhaustive.

20. The Debtor has failed to provide evidence of adequate insurance to protect the creditors and the public. *See* 11 U.S.C. § 1112(b)(4)(C) and 11 U.S.C. § 1116(5) (made applicable to this case by 11 U.S.C. § 1192(b)).  Here, the Debtor owns a significant piece of real estate with value to the creditors which is not insured and maybe operating a fireworks business without liability insurance.[1]

21. Further, the Debtor has failed to provide any information requested by the UST regarding the ownership structure of the Debtor, nor resolved the issues concerning its tax filing status.  *See* 11 U.S.C. § 1112(b)(4)(H).

22. The UST believes, based on his review of the schedules and the testimony of the Debtor's principal, that there is equity in the Debtor's assets and claims for a Chapter 7 Trustee to pursue.  Accordingly, conversion to Chapter 7 is in the best interests of the estate and creditors.  Nevertheless, should the Court determine that no such equity exists, the case ought to be dismissed.

---

[1] The UST has not sought emergency relief because the Debtor represented that it believes the insurance will be issued shortly, and that it has no public fireworks displays scheduled for at least another 60 days.  Although the Debtor may be storing fireworks on the property, it has no current employees and has not hired its seasonal workforce yet.  Thus, emergency relief was not yet warranted.

23. For these reasons, the Court should convert this case to Chapter 7, or dismiss it.

WHEREFORE, the United States Trustee prays for an order converting the case to Chapter 7, or

in the alternative, dismissing the case.

Respectfully submitted,

JERRY L. JENSEN
ACTING UNITED STATES TRUSTEE

JILL PARSONS
ASSISTANT UNITED STATES TRUSTEE

By: /s/ Adam E. Miller
   Adam E. Miller, Mo. Bar #65429
   Trial Attorney
   Office of the U.S. Trustee
   400 East 9th St., Ste 3440
   Kansas City, MO 64106
   Telephone:  (816) 512-1940
   Email: adam.e.miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States Trustee's Motion to Convert or Dismiss was served upon the Debtor by electronic notification pursuant to Fed. R. Bankr. P. 7005, incorporating Fed. R. Civ. P. 5, and to all parties requesting notice, by first-class mail, postage prepaid, this 16th day of April, 2026.

By: /s/ Adam E. Miller
   Adam E. Miller